# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DANNY JARVIS,

        Plaintiff,

v.

NYE COUNTY SHERIFFS SGT. MARTINES, SGT. RISING, SEN. DEPUTY ARMS,

        Defendants.

2:08-CV-1404 JCM (RJJ)

ORDER

\

Presently before the court is defendants Nye County Sheriffs Sgt Martines, Sgt. Rising, and Sen. Deputy Arms' motion for summary judgment. (Doc. #111). Plaintiff Danny Jarvis filed an opposition. (Doc. # 125). Defendants filed a reply (Doc. # 126).

Plaintiff Jarvis' complaint asserts three claims for relief against the defendants for violating his Fourth, Eighth, and Fourteenth Amendment rights when he was a pretrial detainee in the Nye County Detention Facility ("NCDF") in Pahrump, Nevada. Specifically, plaintiff contends that his aforementioned rights were violated when the defendants detained him in a jail facility exceeding its designed capacity and denied him the appropriate medical treatment for a hand injury he sustained due to the facilities hazardous conditions.

In the present motion for summary judgment (doc. # 111) against plaintiff Jarvis, the defendants assert that they did not infringe on the plaintiff's Fourth, Eighth, and Fourteenth Amendment rights because: (1) the plaintiff did not injure himself during detainment; (2) the facility at NCDF was not hazardous; and (3) they fulfilled any responsibilities they had for his medical treatment.

**James C. Mahan**
**U.S. District Judge**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996). The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp.v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56(c).

## I. EIGHTH AND FOURTH AMENDMENT CLAIMS (CLAIMS 2 AND 3)

Claims brought by pretrial detainees challenging the conditions of their confinement are brought pursuant to the due process clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979). Accordingly, claims two and three alleging violations of plaintiff's Fourth and Eighth Amendment rights are not cognizable. Specifically, the plaintiff's Eighth Amendment claim is subsumed within the Fourteenth Amendment claim, and any violation of his Fourth Amendment rights are not cognizable on the facts presented.

## II. FOURTEENTH AMENDMENT CLAIM (CLAIM 1)

The plaintiff claims that he injured his hand by tripping over a mattress during his detainment at NCDF and that he was subjected to cruel and unusual punishment as the result of the conditions at NCDF. Specifically, the plaintiff asserts that NCDF's use of floor mattresses, like the one plaintiff allegedly tripped over, is an unconstitutional condition of confinement. Finally, the plaintiff asserts that upon his return to NCDF after a period of release, the defendants denied the plaintiff appropriate medical treatment for his hand injury.

Although parties agree the plaintiff had a preexisting hand injury, at issue in all of plaintiff's claims is whether he was in fact injured following the mattress incident. The defendant's claim that the plaintiff did not further injure his hand is unfortunately supported by unauthenticated evidence. The court in *Orr v. Bank of America NT & SA,* 285 F.3d 764 (9th Cir. 2002), held:

> A trial court can only consider admissible evidence in ruling on a motion for summary judgment. *See* Fed. R. Civ. P. 56(e); *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988). Authentication is a "condition precedent" to admissibility, and this condition is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Civ. P. 901(a). We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment. *See Cristobol v. Siegel,* 26 F.3d 1488, 1494 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co. Inc.,* 896 F2d 1542, 1550–51 (9th Cir. 1987); *Beyene,* 854 F.2d at 1182; *Canada v. Blain's Helicopters, Inc.,* 831 F.2d 920, 925 (9th Cir. 1987); *Hamilton v. Keystone Tankship Corp.,* 539 F.2d 684, 686 (9th Cir. 1976).

The defendants rely primarily on two documents. The first is an x-ray result that shows the state of the plaintiff's hand the afternoon **before** he fell over the mattress. (Doc. #111-12). The second is another x-ray result that shows the state of the plaintiff's hand **after** he fell over the mattress.(Doc. #111-16). Defendants present these x-rays to show that the plaintiff sustained no additional injuries from his fall; however neither document is authenticated. Accordingly, neither may be considered by the court in ruling on the instant motion, and defendant's motion for summary judgment as to plaintiff's first claim for relief must fail.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendants Nye County Sheriffs Sgt Martines, Sgt. Rising, and Sen. Deputy Arms' motion for summary judgment (doc. #111) be, and the same hereby is, GRANTED as to claims two and three, but is DENIED as to claim one.

DATED this 29th day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE